## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NEAL R. WEEMS, | ) |
| Petitioner, | ) ) ) |
| vs. | ) Case No. 24-cv-1266-SMY |
| UNITED STATES OF AMERICA, | ) ) ) |
| Respondent. | ) ) |

# MEMORANDUM AND ORDER

**Yandle, District Judge:**

Pending before the Court is Petitioner Neal R. Weems' Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence (Doc. 1).[1] For the following reasons, Weems' motion is **DISMISSED**.

### Factual and Procedural Background

Weems was sentenced on May 2, 2023, to 120 months' imprisonment after a jury found him guilty of attempted enticement of a minor. *See United States v. Weems*, 21-cr-40038-SMY at Doc. 69. He filed this action on May 13, 2024, under 28 U.S.C. § 2255, seeking collateral review of his sentence and asserting ineffective assistance of counsel for: (1) his counsel failing to contest the undercover agent being substituted as the minor, and (2) his counsel failing to argue that his sexually explicit speech was protected by the First Amendment (Doc. 1).

### Discussion

Under Rule 4 of the Rules Governing § 2255 cases, if it plainly appears from the motion, any attached exhibits and records of prior proceedings that the moving party is not entitled to relief,

---

[1] Weems also has a pending Motion for Extension of Time (Doc. 2) and a Motion for Discovery (Doc. 3).

the Court must summarily dismiss the motion. This Court has conducted the necessary threshold review and finds that Weems' motion is subject to dismissal.

Weems first claims that his counsel was ineffective for failing to raise the argument that the undercover agent cannot be properly substituted as a "minor" under the language of the statute he was charged under. But it is well established that attempted enticement of a minor to engage in sexual activity does not require an actual minor victim but, rather, only that the defendant believed the victim was a minor. *See United States v. Nagel*, 559 F.3d 756, 764 (7th Cir. 2009); *see also United States v. Mannava*, 565 F.3d 412, 416 (7th Cir. 2009) (whether one is dealing with an actual child or an adult is irrelevant to attempt given that impossibility is not a defense to the attempt). As such, Weems' claim that his attorney was ineffective in not raising a clearly frivolous argument is itself clearly frivolous.

Similarly, Weems' claim that his counsel was ineffective for failing to raise the argument that sexually explicit speech is protected by the First Amendment fails to pass Rule 4(b) muster. The Supreme Court has recognized that the protection of children from sexual abuse and exploitation is a particularly compelling interest. *New York v. Ferber*, 458 U.S. 747, 757 (1982); *see also Ashcroft v. Free Speech Coalition*, 535 U.S. 234, 244 (2002) ("The sexual abuse of a child is a most serious crime and an act repugnant to the moral instincts of a decent people"). Thus, while it is true that a sexually explicit conversation between two adults is protected by the First Amendment, the same is not the case when minors are involved.

18 U.S.C. §2422(b) prohibits any attempt to solicit a person the solicitor believes to be a minor to perform sexually explicit acts. This is prohibited conduct, not protected speech. *See United States v. Johnson*, 376 F.3d 689, 695-696 (7th Cir. 2004); *see also United States v. Rogers*, 474 Fed. Appx. 463, 467-470 (7th Cir. 2012) (image sent to alleged minor constituted legal

obscenity not entitled to First Amendment protection). Any argument to the contrary would have been frivolous and non-meritorious.

### Conclusion

For the foregoing reasons, Weems' Petition and this action are **DISMISSED with prejudice**. The Motion for Extension of Time and Motion for Discovery are **TERMINATED** as **MOOT**. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

### Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), a petitioner does not have the absolute right to appeal a district court's denial of his § 2255 motion, instead, he must first request a certificate of appealability. *Miller-El v. Cockrell,* 537 U.S. 322, 335-336 (2003). A petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *Id.* at 336; *White v. United States*, 745 F.3d 834, 835 (7th Cir. 2014). Under this standard, Weems must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El,* 537 U.S. at 336 (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).

Weems has not made a substantial showing that his counsels' representation was ineffective. Nor has he demonstrated that reasonable jurists would disagree with the Court's analysis. Therefore, the Court declines to certify any issues for appeal.

IT IS SO ORDERED.

DATED: June 14, 2024

**STACI M. YANDLE**
**United States District Judge**